## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | | |
|---|---|---|---|
| IN THE MATTER OF: | ) | BK. NO. | 19-80854 |
| | ) | (Chapter 13) | |
| Jasmine Anna-Lyn Freeman | ) | | |
| | ) | | |
| , | ) | **CHAPTER 13 PLAN** | |
| | ) | **AND** | |
| Debtor(s). | ) | **NOTICE OF RESISTANCE DEADLINE** | |

### NOTICE TO CREDITORS AND DEBTORS

The Bankruptcy Court for the District of Nebraska enacts this Local Form Chapter 13 Plan [hereinafter "plan"] under the provisions contained in Rule 3015.1 of the Federal Rules of Bankruptcy Procedure. This form plan shall be used for all Chapter 13 plans filed on or after the effective date of Rule 3015.1.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to this plan no later than the date designated in the attached Notice of Resistance Deadline. The Bankruptcy Court may confirm or approve this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

**You must file a timely proof of claim in order to be paid under this plan**.

In this District, the amount set forth in the claim controls the amount to be paid to a creditor.  The value of the collateral set forth in the claim controls the amount to be paid subject to the right of the debtor to object to the claim amount and/or the valuation of the collateral in the claim. Avoidance of security interests or liens must be done by motion or adversary proceeding as appropriate. Interest is paid to secured creditors in the amount and from the date specified in the plan.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would limit the amount of a secured claim or the value of collateral. The Debtor acknowledges that such limit on the amount of the claim or the value of the collateral shall be raised by objection to the claim.

The Debtor acknowledges that the plan does NOT INCLUDE provisions through which the plan ALONE would avoid a security interest or lien. The Debtor acknowledges that avoidance of a security interest or lien or the stripping of a lien shall be raised by motion or adversary proceeding as appropriate.

This plan requires that all nonstandard provisions be set forth in PART 11 of the plan and use of PART 11 must be identified by checking the box below.

**DEBTORS MUST CHECK ONE BOX BELOW TO STATE WHETHER NONSTANDARD PROVISIONS ARE OR ARE NOT CONTAINED IN PART 11 OF THIS PLAN. IF THE BOX IS CHECKED AS "NOT INCLUDED" OR IF BOTH BOXES ARE CHECKED, THE PROVISIONS CONTAINED IN PART 11 WILL BE INEFFECTIVE.**

| Nonstandard provisions, set out in Part 11 | X | Included | | Not included |
|---|---|---|---|---|

## PART 1.   PAYMENTS

The Debtor or Debtors (hereinafter called "Debtor") submits to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| A. Monthly Payment Amount (include any previous payments) | B. Number of payments | Base Amount (A X B) |
|---|---|---|
| Various/Payments made to date---> | | |
| $1 | $1 | $1 |
| $720 | 59 | $42,480 |

|  |  |  |
|---|---|---|
|  | Total Plan Base Amount: | $42,481 |

The payment shall be withheld from the Debtor's paycheck:     Yes:     X          No: _____

Employee's name from whose check the payment is deducted:     **UPRR**

Employer's name, address, city, state, phone:     **1400 Douglas St., Omaha, NE 68179**

Debtor is paid:  Monthly [ ]    Twice Monthly [ ]    Weekly [ ]    Biweekly [ X ]    Other [ ]

This plan cures any arrearage in payments to the Chapter 13 Trustee under any prior plan in this case.

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER'S CHECK UNTIL THE EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THE EMPLOYER DEDUCTION BEGINS.**

**PART 2.    ORDER OF PAYMENT OF CLAIMS**

Applicable Trustee fees shall be deducted pursuant to 28 U.S.C. § 586(e). Claims shall be paid in the following order; and, unless otherwise provided, claims within each class shall be paid pro rata:

1. Pre-confirmation payments for adequate protection or leases of personal property;

2. Minimum monthly payments to secured creditors listed in PART 6 of this plan, minimum arrearage payments and regular executory contract payments due on Executory Contracts and Leases in PART 7 of this plan, and minimum monthly payments on arrearages on 11 U.S.C. § 507(a)(1)(A) priority domestic support claims in PART 5(B) of this plan **[NOTE: IF THERE ARE NO MINIMUM ARREARAGE PAYMENTS OR REGULAR EXECUTORY CONTRACT PAYMENTS DESIGNATED IN THE PLAN, THOSE MONIES WILL BE DISTRIBUTED UNDER # 3 ON ATTORNEY FEES]**;

3. The Debtor's attorney's fees and costs as approved by the Court **[NOTE: DEBTOR'S COUNSEL SHOULD NOT DESIGNATE A PER MONTH PAYMENT FOR ATTORNEY FEES. UNDER THIS ORDER OF PAYMENTS ALL FUNDS WILL BE CODED FOR ATTORNEY FEES AFTER THE BEFORE DISCUSSED MINIMUM MONTHLY PAYMENTS AND EXECUTORY CONTRACT PAYMENTS]**;

4. After payments of the previously listed amounts in (1) through (3) above, additional funds will be distributed prorata to secured claims in **PART 6**, arrearages on Executory Contracts and Leases in **PART 7** of this plan and domestic support claims under 11 U.S.C. § 507(a)(1)(A) in **PART 5(B)** of this plan;

5. Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 Trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6. Other priority claims in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C.

§ 1305;

7. Payments on co-signed unsecured claims listed in **PART 8** of this plan;

8. General Unsecured Claims.

## PART 3. §1326(A) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS & LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors with entry of an order of the Court. The Debtor proposing pre-confirmation payments will **immediately** commence plan payments to the Trustee. Creditors must file a timely proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30-day period. Post-confirmation payments are provided for below in **PARTS 6** and **7** of this plan.

| Creditor's Name and Full Address | | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|---|
| Nissan Motors Acceptance Corporation | PO Box 660366, Dallas, TX 75266-0366 | 8424 | 7/30/2019 | $151 |

## PART 4. ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment received by the Trustee.

**Neb. R. Bankr. P. 2016-1(A)(4)** and **Appendix "K"** provide for the maximum allowance of Chapter 13 attorney fees and expenses [Standard Allowable Amount "SAA"] which may be included in a Chapter 13 Plan. Additional fees or costs in excess of this amount must be approved through the "ALC" Fees process or a separate fee application. Fees and costs requested for allowance are as follows:

| "SAA" Fees Requested | Fees Received Prior to Filing | Balance of "SAA" Fees to be Paid in Plan |
|---|---|---|
| $4,000.00 | $0.00 | $4,000.00 |
| "SAA" Costs Requested | Costs Received Prior to Filing | Balance of "SAA" Costs to Be Paid in Plan |
| $200.00 | $0.00 | $200.00 |

## PART 5. PRIORITY CLAIMS

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

  A. **Domestic Support Obligations**

   1) **[X] None.** *If "None" is checked, the rest of § 5(A) need not be completed or reproduced.*

  B. **Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

1) **[X] None.**   *'If "None" is checked, the rest of § 5(B) need not be completed or reproduced.*

C. **Domestic Support Obligations Assigned To Or Owed to A Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

1) **[X] None.**   *If "None" is checked, the rest of § 5(C) need not be completed or reproduced.*

D. **Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

1) **[ ] None.**   *If "None" is checked, the rest of § 5(D) need not be completed or reproduced.*
2) Name of Creditor, estimated arrearage claim, and any special payment provisions:

| Federal: $ | 10,995.00 | State: $ | 3,539.36 | Total: $ | 14,534.36 |
|---|---|---|---|---|---|
| Internal Revenue Service | | Nebraska Department of Revenue | | | |

Special payment provisions:   Interest at the following rate shall be paid on debts listed under section 5(D):      6.00%

E. **Chapter 7 Trustee Compensation Allowed under 11 U.S.C. § 1326(b)(3)**

**[X] None.**   *If "None" is checked, the rest of § 5(E) need not be completed or reproduced.*

F. **Other Priority Claims:**   Provisions for treatment in Part 11 of plan.

**PART 6.   SECURED CLAIMS**

A. **Home Mortgage Claims**
   **(including claims secured by real property which the debtor intends to retain)**
1) **[ ] None.**
2) Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 plan with interest as provided below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the Debtor to object to the amount set forth in the claim.

| Name of Creditor | Property Description | Estimated Pre-petition Arrearage | Pre-confirmation Interest Rate & Dollar Amount Limit, If Any | Post Confirmation Interest Rate | Minimum Monthly Payment Amount on Pre-Petition Arrears | Total Payments on Pre-Petition Arrears Plus Interest |
|---|---|---|---|---|---|---|
| Gateway Mortgage | Personal Residence | $0.00 | 3.87% | 3.87% | | $0.00 |
| | Personal Residence | | 0.00% | 0.00% | | $0.00 |
| | Personal Residence | | 0.00% | 0.00% | | $0.00 |

3) The following claims secured by real estate shall be paid in full through the Chapter 13 Plan:

| Name of Creditor | Property Description | Pre-confirmation Interest Rate & Dollar Amount Limit, If any | Post Confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|
| | | $ | 0.00% | 0.00% | $0 | $0.00 |
| | | $ | 0.00% | 0.00% | $0 | $0.00 |
| | | $ | 0.00% | 0.00% | $0 | $0.00 |

B.  **Post-Confirmation Payments to Creditors Secured by Personal Property.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2). If the Debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1) **Secured Claims to which § 506 is NOT applicable:**

    a.  [X] None. *If "None" is checked, the rest of § 6(B)(1) need not be completed or reproduced.*

2) **Secured Claims to which § 506 is applicable:**

    a.  [ ] None.
    b.  Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan, 6(B)(1)(b). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. In this District, the value of the secured property is determined by the proof of claim, subject to the right of the Debtor to object to such valuation.

| Name of Creditor | Property Description | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit, If Any | Post Confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| Nissan Motors Acceptance Corporation | 2015 Nisasan Altima | $9,075.00 | 7.50% | 7.50% | $151 | $11,004.04 |
| Merchants Preferred Leasing | Misc. furniture from Merchants Preferred | $1,333.00 | 7.50% | 7.50% | $0 | $1,616.35 |

C.  **Surrender of Property**

    1)    [ ] None.
    2)    The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below

creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court. **The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.**

|   | Name of Creditor | Collateral To Be Surrendered |
|---|---|---|
| 1 | Discover Financial | $200 security deposit |

    **D.**    <u>Lien Avoidance and Lien Stripping</u>

        1)    [X] None.  *If "None" is checked, the rest of § 6(D) need not be completed or reproduced.*

## PART 7.  EXECUTORY CONTRACTS/LEASES

    **A.**    The Debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment to be included in the Chapter 13 plan. All other executory contracts and unexpired leases are rejected. Any pre-petition arrearage will be cured in monthly payments as noted below:

    **B.**    Check One

        1)    [X] None.  *If "None" is checked, the rest of § Part 7 need not be completed or reproduced.*

## PART 8.  CO-SIGNED UNSECURED DEBTS

    **A.**    [X] None.  *If "None" is checked, the rest of § Part 8 need not be completed or reproduced.*

## PART 9.  UNSECURED CLAIMS

    **A.**    Allowed unsecured claims shall be paid pro rata from all remaining funds.

## PART 10.  ADDITIONAL PROVISIONS

    **A.**    If there are no resistances/objections to confirmation of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

    **B.**    Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and theDebtor shall have the sole right to use and possession of property of the estate

    **C.**    In order to obtain distributions under the plan, a creditor must file a proof of claim no later than 70 days after the filing of the petition except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

    **D.**    Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the Plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325(a)(5)(B).

    **E.**    After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation pleadings. Pleadings shall include applications for fees, amended plans and motions. Pleadings shall be served on all parties in interest. For purposes of this limited notice provision, a party in interest is a party whose interest is directly affected by the motion, a creditor who has filed a proof of claim, a party who has filed a request for notice, any

governmental agency or unit that is a creditor and allcreditors scheduled as secured or priority creditors. Any pleading filed with limited notice shall include a certificate of service specifically stating it was served with limited notice on all parties in **interest pursuant to Neb. R. Bankr. P. 9013-1(E)(1). Failure to comply shall result in deferral of the motion until a proper certificate of service is filed.**

## PART 11.  NONSTANDARD PROVISIONS

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this Local Form Plan or deviating from it. **Nonstandard provisions set out elsewhere in this plan are ineffective and void.**

The following plan provisions will be effective only if there is a check in the box "included" at the end of the opening **Notice to Creditors and Debtors** of this plan.

### OTHER MISCELLANEOUS PROVISIONS TO PLAN:

| | |
|---|---|
| * | The Trustee shall only implement an employer withholding if a specific employer name is listed in Part 1. |
| * | Debtor has recently been approved for a loan modification trial.  A Motion to Allow the loan modification will be filed with the Court. As a result of this modification, NO pre-petition arrears will be paid through the Plan. |
| * | The Debtor HAS filed her 2017 and 2018 tax returns.  The estimated claim by the IRS needs to be amended |

### NOTICE OF RESISTANCE DEADLINE

**ANY RESISTANCE TO THIS PLAN OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

**(USE OPTION A OR B – AND CHECK ONE OF THE BOXES –** SEE LOCAL COURT RULES)

A.  [ ]   **14 DAYS AFTER THE CONCLUSION OF THE MEETING OF CREDITORS**

OR

[X]   **8/14/2019   (USE A CALENDAR DATE WHICH IS AT LEAST 21 DAYS AFTER THE THE DATE THE THE PLAN IS FILED WITH THE COURT)**

**IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH NEB. R. BANKR. P. 3015-2. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.**

### CERTIFICATE OF SERVICE

On   7/1/2019    the undersigned mailed a copy of this plan to all creditors, parties in interesst and those requesting notice by regular United States mail, postage prepaid.  The parties to whom notice was mailed are either listed below or on the attached mailing matrix.  The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following:  Kathleen A. laughlin, Standing Chapter 13 Trustee, District of Nebraska.

Dated:    7/1/2019    Jasmine Anna-Lyn Freeman
,
Debtor(s)

By:    /s/ John T. Turco
John T. Turco, #19143
John T. Turco & Associates, P.C., L.L.O.
2580 South 90th St.
Omaha, NE  68124
Telephone:  (402) 933-8600
Fax number:  (402) 934-2848
John.Turco@JohnTurcoLaw.com
Attorney for Debtor(s)

By filing this document, the Attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in **PART 11** of this plan.

AAMCO Trans Corp
c/o John J Reefe III
1904 Farnam St Ste 700
Omaha, NE 68102

Advance America
2085 N 120th St
Omaha, NE 68164

Affirm Inc
Affirm Incorporated
Po Box 720
San Francisco, CA 94104

Afni, Inc.
Attn: Bankruptcy
Po Box 3427
Bloomington, IL 61702

AT T Mobility
PO Box 6416
Carol Stream, IL 60197-6416

Big Picture Loans
223970 Pow Wow Trail
Watersmeet, MI 49969

Bridge Lending
597 Peace Pipe Road
Lac Du Flambeau, WI 54538

Bright Lending
PO Box 578
Hays, MT 59527

Brigit Lending / Hellobrigit
838 6th Ave, 6th Floor
New York, NY 10001

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Centre Ridge Apartments
2940 Paddock Plz
Omaha, NE 68124

Cobalt Credit Union
Attn: Legal Department
7148 Towne Center Parkway
Papillion, NE 68046

Comenity Bank/Victoria Secret
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218

Convergent Outsourcing, Inc.
Attn: Bankruptcy
Po Box 9004
Renton, WA 98057

Cox Communications
11505 W Dodge Rd
Omaha, NE 68154

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

Department of Education/Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501

Discover Bank
Discover Products Inc.
Po box 3025
New Albany, OH 43054-3025

Discover Financial
Attn: Bankruptcy Department
Po Box 15316
Wilmington, DE 19850

Douglas County Attorney
1819 Farnam Street
Civic Center, Suite 909
Omaha, NE 68183

Douglas County Treasurer
1819 Farnam Street, H-02
Omaha, NE 68183

Eric H. Lindquist
8712 W Dodge Rd Ste 260
Omaha, NE 68114

Evergreen Loans-Services
PO Box 834
Lac Du Flambeau, WI 54538

EZ Money
5102 L St
Omaha, NE 68117

Fingerhut
Attn: Bankruptcy
Po Box 1250
Saint Cloud, MN 56395

First Nataional Bank/Legacy
Attn: Bankruptcy
Po Box 5097
Sioux Falls, SD 57117

First National Bank
1620 Dodge St.
Omaha, NE 68102

First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117

Gateway Mortgage Grp
Attn: Bankruptcy Dept.
244 S Gateway Place
Jenks, OK 74037

General Service Bureau
Attn: Bankruptcy
Po Box 641579
Omaha, NE 68164

Genesis Bankcard Services
Attn: Bankruptcy Department
Po Box 4477
Beaverton, OR 97076

Heartland Area Fcu
6111 N 72nd St
Omaha, NE 68134

Hunter Warfield
Attention: Bankruptcy
4620 Woodland Corporate Blvd
Tampa, FL 33614

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Janice Harper
4227 S. 42nd St.
Omaha, NE 68107

Jasmine Anna-Lyn Freeman
5406 North 69th Street
Omaha, NE 68104

Justin A. Roberts
Lustgarten  Roberts, P.C., L.L.O.
Central Park Plaza, North Tower
222 South 15th Street, Ste. 601
Omaha, NE 68102

Lake Manawa Nissan
920 32nd Ave
Council Bluffs, IA 51501

Matthew V. Stierman
133 Pearl St.
Council Bluffs, IA 51503

Merchants Credit Adjusters
4005 South 148th
Omaha, NE 68137

Merchants Preferred Le
5500 Interstate North Pk
Atlanta, GA 30328

Midwest Recovery Systems
Attn: Bankruptcy
Po Box 899
Florissant, MO 63032

MRS BPO
Attn: Bankruptcy
1930 Olney Ave
Cherry Hill, NJ 08003

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119

Nebraska Department of Revenue
Attn: Bankruptcy Unit
P.O. Box 94818
Lincoln, NE 68509-4818

Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501

Nelnet
121 South 13th Street, Ste. 201
Lincoln, NE 68508

Nissan Motor Acceptance Corp
NMAC/ATTN: Bankruptcy
PO Box 660366
Dallas, TX 75266-0366

Paycheck Advance
3270 Folkways Blvd, Ste. 200
Lincoln, NE 68504

Payday Express
7926 South 84th Street
La Vista, NE 68128

Pinnacle Credit Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Progressive Leasing
256 W Data Drive
Draper, UT 84020

Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth, TX 76161

Sierra Lending
PO Box 647
Santa Ysabel, CA 92070

Social Security Administration
604 N 109th Ct
Omaha, NE 68154

Social Security Administration
Office of Regional Chief Counsel
601 East 12th St., Room 965
Kansas City, MO 64106

Sprint
6391 Sprint Parkway
Overland Park, KS 66251

Target
Attn: Bankruptcy
Po Box 9475
Minneapolis, MN 55440

United States Attorney s Office- Omaha
1620 Dodge St, Ste 1400
Omaha, NE 68101

US Cellular
Dept 0205
Palatine, IL 60055-0205

Vanderbilt Apartments
11233 Decatur Plz
Omaha, NE 68154

Verizon Wirelesss
Bankruptcy Administration
500 Technology Drive, Ste 550
Saint Charles, MO 63304

Vivint Security
4931 North 300 West
Provo, UT 84604

Von Maur
Attn: Bankruptcy
6565 N Brady St
Davenport, IA 52806

Zales/Genesis FS
Attn: Bankruptcy
Po Box 4477
Beaverton, OR 97076